IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PRATER,              ) | |
| ) | Civil Action |
| Petitioner  ) | No. 11-cv-07893 |
| ) | |
| vs.              ) | |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA,  ) | |
| COURT OF COMMON PLEAS-     ) | |
| PHILADELPHIA,              ) | |
| PAMELA PRYOR DEMBE,        ) | |
| President Judge,          ) | |
| DENIS P. COHEN, Judge and  ) | |
| DISTRICT ATTORNEY'S OFFICE OF  ) | |
| PHILADELPHIA,              ) | |
| ) | |
| Respondents  ) | |

O R D E R

   NOW, this 6th day of February, 2013, upon consideration of the following documents:

   (1) § 2241 Habeas Corpus Petition Form to be Used by Prisoners in Actions Under 28 U.S.C. § 2241, which petition was filed by petitioner Wayne Prater pro se on December 29, 2011;

   (2) Response to Petition for Writ of Habeas Corpus, which response was filed by respondents April 30, 2012 together with Exhibits A-H;

   (3) Report and Recommendation of United States Magistrate Judge M. Faith Angell filed July 16, 2012; and

   (4) Objection to Report and Recommendation and Notice of Appeal, filed by petitioner July 25, 2012;

it appearing that petitioner's objection to Magistrate Judge Angell's Report and Recommendation do not constitute an objection

to any factual or legal aspect of Magistrate Judge Angell's Report and Recommendation[1]; it further appearing that, in part, petitioner's objection is a restatement of arguments made in petitioner's underlying petition[2] and are without merit; it further appearing that, in part, petitioner's objection raises new claims and arguments not contained in his habeas corpus

---

[1]    Magistrate Judge Angell correctly concluded that the relief sought by petitioner in his habeas corpus petition was pretrial release from incarceration, and that because he is now on parole, his petition for pretrial release is moot.  Nowhere in his objection to Judge Angell's Report and Recommendation does petitioner address that ruling or identify in what respect it is legally or factually incorrect.

[2]    In her Report and Recommendation, Magistrate Judge Angell correctly identifies the four claims made by petitioner in his habeas corpus petition seeking relief from pretrial detention:

| | |
|---|---|
| Ground One: | The illegal waiver of petitioner's prompt trial rights by the presiding Philadelphia Court of Common Pleas Judge and petitioners court-appointed attorney; |
| Ground Two: | The presiding judge's refusal to recuse himself when his court calendar is overbooked and refusal to make a judicial ruling in petitioner's case; |
| Ground Three: | The presiding judge's refusal to give petitioner credit towards his contempt charge for any of the time he was incarcerated; and |
| Ground Four: | The refusal of petitioner's court-appointed attorney to interview witnesses, communicate with petitioner, and to file requested motions and appeals. |

Report and Recommendation, page 2 (my paraphrase of Judge Angell's summary of petitioner's claims).

In petitioner's objection to the Report and Recommendation he restates some of the claims and arguments made in his habeas corpus petition concerning Ground Two and Ground Four.  He does not address his claims in Ground One and Ground Three.

petition[3]; it further appearing after de novo review of this matter that Magistrate Judge Angell's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that Magistrate Judge Angell's Report and Recommendation is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that petitioner's objection to Magistrate Judge Angell's Report and Recommendation is overruled.[4]

---

[3] In his objection to the Report and Recommendation, petitioner makes the following claims and arguments in an attempt to raise new grounds not asserted, or otherwise contained, in his habeas corpus petition: (1) he was "found in contempt of court for writing to my children which are not on the [contempt] order"; (2) "There was a motion for recusal for the judge because of his prejudice against plaintiff."; (3) "The Judge was removed from the case because of his prejudice actions [sic] in my case."; (4) "The district Attorney[']s office has violation [sic] of my due process in the 14th Amendment."; (5) "The 14th Amendment Due Process is in violation when a Judge refuses to address any problems between counsel and the defendant he represents are at major odds."; and (6) defense counsel "was allowed to withdraw 3 weeks before trial from my case...."

[4] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

As noted above, I conclude that petitioner's objections to Magistrate Judge Angell's Report and Recommendation do not specifically address any finding or conclusion made by Magistrate Judge Angell.  Moreover,

(<u>Footnote 4 continued</u>):

<u>IT IS FURTHER ORDERED</u> that petitioner's § 2241 habeas corpus petition is denied without a hearing.

<u>IT IS FURTHER ORDERED</u> that because petitioner fails to demonstrate either the denial of a constitutional right or that reasonable jurists would disagree with this court's disposition of his claims, a certificate of appealability is denied.

<u>IT IS FURTHER ORDERED</u> that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

(<u>Continuation of footnote 4</u>):

upon review of the Report and Recommendation, together with de novo review of this matter, I conclude that the Report and Recommendation correctly determines the legal and factual issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Angell's Report and Recommendation and overrule petitioner's objection to the Report and Recommendation.